IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES R. MOSLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-2694-N-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles R. Mosley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

On May 27, 2008, Petitioner was released to parole after serving part of a 40-year sentence for burglary of a habitation. Less than two years later, his parole was revoked based on a new conviction for burglary of a building and other violations. Petitioner challenged his parole revocation in two applications for state post-conviction relief. The first application was dismissed for lack of jurisdiction. *See Ex parte Mosley*, WR-47,779-10 (Tex. Crim. App. Dec. 8, 2010). The second application was dismissed for abuse of the writ. *See Ex parte Mosley,* WR-47,779-11 (Tex. App. Jan. 12, 2011).

Petitioner's federal habeas writ challenging his parole revocation was denied.

-1-

*See Mosley v. Thaler*, No. 3:11-cv-742-B-BD, 2011 WL 6039616 (N.D. Tex. Sept. 13, 2011), *rec. adopted*, 2011 WL 6039611 (N.D. Tex. Dec. 1, 2011), *COA denied*, No. 11-11213 (5th Cir. June 4, 2012). A Rule 60(b) motion regarding the denial of his federal habeas petition was denied earlier this year. *See Mosley v. Thaler*, No. 3:11-cv-742-B-BN, 2012 WL 6928016 (N.D. Tex. Nov. 30, 2012), *rec. adopted*, 2013 WL 271450 (N.D. Tex. Jan. 23, 2013), COA *denied*, No. 13-10115 (5th Cir. July 31, 2013).

Another challenge to Petitioner's parole revocation is currently pending before another judge of this Court. *See Mosley v. Stephens*, No. 3:13-cv-4047-D-BH.

At issue in this application for federal habeas relief is the Texas Board of Pardons and Paroles' repeated denial of Petitioner's release onto parole, which has occurred on August 20, 2010, October 21, 2011, and October 15, 2012. *See* Dkt. No. 4 at 9-11; *see also* Dkt. No. 10-1 at 4. On or about June 6, 2012, Petitioner filed a state habeas petition challenging the Parole Board's first two parole release decisions. That petition was denied without written order on June 12, 2013. *See Ex parte Mosley*, WR-47,779-16 (Tex. Crim. App. June 12, 2013).

Petitioner then filed this action. In two grounds for relief, Petitioner contends that the denial of release onto parole violated his due process and equal protection rights.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1)    resulted in a decision that was contrary to, or involved an

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

**Analysis**

Limitations

"Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits." *Coker v. Thaler,* 670 F. Supp. 2d 541, 546 (N.D. Tex. 2009). Respondent urges the Court to find Petitioner's challenge to the August 20, 2010 denial of parole barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 10 at 3-6. The Court need not decide this procedural issue because Petitioner is not entitled to federal habeas relief in any event.

Due Process

In his first ground for relief, Petitioner claims that his due process rights have been violated because the Parole Board's decision was arbitrary, without rational basis, an abuse of discretion, and impermissibly based upon "unchangeable factors" such as his "status." *See* Dkt. No. 3 at 6; Dkt. No. 4 at 2-3; Dkt. No. 13 at 3-4.

A petitioner must claim a violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998). It is well settled that there is no constitutional right to conditional release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979).

In Texas, parole means the discretionary and conditional release of an eligible prisoner. *See* TEX. GOV'T CODE § 508.001(6). Texas inmates, then, have no constitutionally protected right to parole, because the relevant Texas statutes do not

create an expectation of release that would implicate due process considerations. *See Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995). Any such release is entirely speculative. *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures applied or factors considered by the Board to reach its decision. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison,* 66 F.3d at 74; *Orellana,* 65 F.3d at 32. Since Petitioner has failed to allege a due process right that has been violated by the denial of parole, he cannot establish that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

Equal Protection

Plaintiff also appears to argue that, because other parole violators have been released to parole, he has been denied equal protection. *See* Dkt. No. 3 at 6; Dkt. No. 4 at 4-5; Dkt. No. 13 at 5-6. To establish an equal protection claim, a petitioner "must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury." *Johnson v. Rodriguez,* 110 F.3d 299, 306 (5th Cir. 1997) (internal quotations omitted).

Petitioner has failed to meet this burden. Although the absence of a protected liberty interest in release on parole does not preclude an equal protection claim, Plaintiff has not demonstrated any suspect class of which he is a member, that he was discriminated against based on a suspect classification, or that any alleged differences

in parole procedures are not reasonably related to a legitimate penological or governmental interest. *See Sandin v. Conner,* 515 U.S. 472, 487 n.11 (1995); *Rublee v. Fleming,* 160 F.3d 213, 217 (5th Cir. 1998).

Rather, Petitioner simply asserts that he is being treated unfairly by the Board's arbitrary decision-making. His conclusory allegations of unfairness are insufficient to justify habeas relief. *See Clark v. Owens,* 371 F. App'x 553, 554 (5th Cir. 2010) (conclusory assertions that inmate was treated differently than other similarly situated inmates in repeated denials of parole insufficient to state equal protection claim); *Kyles v. Garrett,* 222 F. App'x 427, 429 (5th Cir. 2007) (prisoner's conclusory allegations that others similarly situated had been granted parole insufficient to state equal protection claim); *see also Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (plaintiff alleging equal protection claim must show he has been intentionally treated differently from others similarly situated and there is no rational basis for difference in treatment).

Petitioner has not established that the state habeas courts' denial of his equal protection claim was unreasonable in any way.

Challenge to Revocation of Parole

To the extent that Petitioner claims that the underlying revocation of his parole was improper, *see* Dkt. No. 4 at 4 & Dkt. No. 13 at 3, any such allegation should be summarily dismissed. A court may dismiss a complaint or any portion thereof filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the allegations are frivolous or malicious. *See* 28 U.S.C. § 1915A(b). A Section 2254 writ

that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell,* No. 3:03-cv-340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) and *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989)).

Petitioner has previously challenged the 2010 revocation of his parole. *See Mosley*, 2011 WL 6039616, at *2 & n.1. Consequently, any claim challenging the revocation should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See Brock,* 2003 WL 21418792, at *1.

### Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 19, 2013

                                                      _____
                                                      DAVID L. HORAN
                                                      UNITED STATES MAGISTRATE JUDGE